# Order

Michigan Supreme Court
Lansing, Michigan

April 2, 2021

161525

*In re* SMITH, Minors.

SC: 161525
COA: 351095
Kalamazoo CC Family Division:
18-000053-NA

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

_____/

On Thursday, March 4, 2021, the Court heard oral argument on the application for leave to appeal the April 30, 2020 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, and REMAND this case to the Kalamazoo Circuit Court Family Division for further proceedings not inconsistent with this order. MCL 712a.2(b)(1) provides that a court may assume jurisdiction over a juvenile if his or her parent "when able to do so, neglects or refuses to provide proper or necessary . . . education . . . ." Subsection (B) specifies that "neglect" is defined as it is in MCL 722.602. That provision defines "neglect" as "harm to a child's health or welfare by a person responsible for the child's health or welfare that occurs through negligent treatment . . . ." MCL 722.602(1)(d). Therefore, there must be a showing of harm in order for a court to assume jurisdiction over a juvenile under the "neglects" clause of MCL 712A.2(b)(1).[1] Here the children attended school 75% of the time and had several tardies. While that is a greater number of absences than the 85% average attendance rate of their school, the only testimony presented regarding the children's academic performance was from BS, Jr.'s teacher. She testified that he was performing at grade level. Though she also said that she struggled to get a complete picture of his progress and that she feared he would not be able to maintain his academic level in the future, such testimony is speculative and does not show by a preponderance of the evidence that BS,

---

[1] The Court of Appeals relied on *In re Nash*, 165 Mich App 450, 455-456 (1987), for the proposition that a "child's chronic absence from school is a sufficient basis for the trial court to assume jurisdiction on the ground of educational neglect as contemplated by the statute." *In re Smith, Minors*, unpublished opinion of the Court of Appeals, issued April 30, 2020 (Docket Nos. 351095 and 351178), p 2. But *Nash* did not involve chronic absences without a showing of harm. There, in addition to the children's absences from school, the respondent had no stable residence and one of the children was born with symptoms of a drug overdose. *Nash*, 164 Mich App at 455.

Jr., was actually harmed so as to have been neglected under the statutory definition. See *In re Ferranti, Minor*, 504 Mich 1, 15 (2019). Because there was no showing of harm caused by the children's absences, we agree with Judge Riordan's dissent that the circuit court erred by assuming jurisdiction on that ground alone.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 2, 2021



Clerk

t0330